**Joseph F. RUSSO, Plaintiff,**

**v.**

**Anthony J. CELEBREZZE, Secretary of Health, Education, and Welfare, Defendant.**

**Civ. No. C 63-640.**

United States District Court
N. D. Ohio, E. D.

May 13, 1964.

On Motion for Rehearing June 24, 1964.

Maurice H. Shapiro and Jack J. Yelson, Cleveland, Ohio, for plaintiff.

Harry Pickering, Asst. U. S. Atty., Cleveland, Ohio, for defendant.

CONNELL, Chief Judge.

This is a proceeding under the Social Security Act, 42 U.S.C.A. § 405(g), in which the plaintiff seeks judicial review of a final decision of the Secretary denying him a claim for disability benefits. Plaintiff filed his application to establish a period of disability and for disability insurance pursuant to 42 U.S.C.A. §§ 416(i) and 423. His application was denied by the Bureau of Old-Age and Survivors Insurance, whereupon plaintiff requested and received a hearing. The hearing examiner reversed the Bureau and found that the plaintiff was entitled to recover. The Appeals Council of the Social Security Administration, on its own motion, then reviewed the hearing examiner's decision and reversed, finding that the plaintiff was not under a disability.

The decision of the Appeals Council stands as the final decision of the Secretary, and according to 42 U.S.C.A. § 405(g), it is conclusive if supported by substantial evidence. The sole function of this Court is to determine whether the Secretary had available sufficient medical evidence upon which an adequate and fair finding could be made.

From the medical and hospital records before us (which were also before the Secretary), it is obvious that the petitioner was severely injured in a fall on September 24, 1957; so severe were the injuries that a lengthy interruption in his work as a lather necessarily followed. It is his contention that the interruption is permanent and, moreover, that he is unable to pursue any avenue of gainful employment because of a continuing problem with his back. His own doctor, a general practitioner, agrees with him now, although at one time he expressed the opinion that the plaintiff would be able to return to light work on January 1, 1962. (Transcript, p. 135.)

■ At various times since his accident, the plaintiff has been examined by four eminent medical specialists, all of whom submitted their reports to the Secretary. None was able to find any objective medical evidence to support the plaintiff's claim of total incapacitation; the finding of the Secretary was based upon the testimony of these doctors. We must necessarily conclude that this constitutes "substantial evidence" sufficient to make that finding conclusive upon this Court.

Defendant's motion for summary judgment is granted.

On Motion for Rehearing

■ Upon reading the plaintiff's motion for reconsideration and the brief supporting the motion, it appears that the plaintiff has missed the point of the Court's earlier memorandum. It is not the right nor the duty of this Court to sit in judgment of the plaintiff's claims; the statute specifically limits our function to reviewing the action of the Secretary. Our range of review is a very narrow one: we may only determine whether the administrative finding is supported by substantial medical evidence; if it is, we can do nothing.

■ The first element which the plaintiff must establish is a medically determinable physical or mental impairment; he now argues that the determination of plaintiff's disability by the Industrial Commission of Ohio satisfies that burden. We disagree. The Secretary is not bound by that determination; he is entitled to rely on any substantial medical testimony which is placed before him. The four doctors whose testimony led the Appeals Council to conclude that the plaintiff was not impaired are respected men of our medical community. We must reiterate that the testimony of these men is necessarily "substantial medical evidence" so as to preclude and prevent this Court from upsetting the findings of the Secretary.

Motion for rehearing is overruled.